# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURANCE DABISH, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>  v.<br><br>BRAND NEW ENERGY, LLC,<br><br>                      Defendant. | Case No. 16-cv-400-BAS(NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD WITHOUT PREJUDICE**<br><br>**[ECF No. 30]** |

      Defendant Brand New Energy, LLC's counsel of record, Ian G. Schuler of Bowman and Brooke LLP, seeks leave and an order to withdraw as counsel. According to Mr. Schuler, the "attorney-client relationship with [Brand New Energy] has become irreparably damaged" and conflicts have "create[d] an unreasonable work environment that prevents the expected progress in this case." (Schuler Decl. ¶ 4.) Mr. Schuler also adds that Brand New Energy "agrees that [his] continued representation in this matter would only accelerate [their] disunity, leading to further disagreements." (*Id.*)

Parties generally may plead and conduct their own cases personally. 28 U.S.C. § 1654. However, "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney." Civ. L.R. 83.3(j). "All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." *Id.*; *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder); *Greenspan v. Admin. Office of the United States Courts*, No. 14cv2396 JTM, 2014 WL 6847460, at *6 (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiffs for failure to obtain legal representation).

Here, Mr. Schuler seeks to withdraw as counsel of record for Brand New Energy, which would leave Brand New Energy without counsel. No counsel has appeared on behalf of Brand New Energy to remain in the event Mr. Schuler is permitted to withdraw, and there is no indication that retaining new counsel for Brand New Energy is imminent. Consequently, permitting Mr. Schuler's withdrawal would leave Brand New Energy, an "artificial" legal entity, proceeding without counsel in direct contravention to this district's Civil Local Rules. *See* Civ. L.R. 83.3(j); *Rowland*, 506 U.S. at 201-02.

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** the motion for leave to withdraw as counsel of record. (ECF No. 30.) If Brand New Energy is unable to retain new counsel in anticipation of Mr. Schuler's withdrawal within the next 30 days, Mr. Schuler may file a renewed motion to withdraw as counsel of record. If a renewed motion is filed, it should describe the ongoing efforts

to seek new counsel in addition to the ongoing relationship with Brand New Energy. In the event Brand New Energy retains new counsel within the next 30 days, Mr. Schuler may immediately seek leave to withdraw as counsel.

**IT IS SO ORDERED.**

DATED: May 8, 2017

Hon. Cynthia Bashant
United States District Judge